IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

PATRICK S KENNEDY,
    Appellant

v.

COMMISSIONER OF
INTERNAL REVENUE SERVICE
    Appellee.

:
:
:
:
:
:
:
:
:

Case No. 21-1133



---

## PRELIMINARY STATEMENT OF ISSUES TO BE RAISED

1.    In granting summary judgment to the Commissioner, whether the Tax Court erred in yielding judicial deference to the Commissioner's enforcement breach of a statutorily absolute mandate under Title 26 U.S.C. Section 4976 as reportable with the filing of Form 5330 by the employer / taxpayer entity?  Historically, the Tax Court has held that plan assets must never revert to the benefit of an employer.

2.    Whether the Tax Court erred in finding that the exceptions as noted in Kasper v Commissioner, 150 T.C. 8, were not applicable to the administrative record in this case but augmented the same administrative record with the Court's own ad hoc rationalization as a basis to grant summary judgment to the Commissioner?

1

3.      Whether the Tax Court's limited jurisdictional authority renders the Court subject to recusal without the power to enforce non-discretionary mandates (Title 26 U.S.C. Section 4976) that are statutorily absolute?   Such breaches of enforcement adversely impacts the whistleblower rights as well as constitutional rights of benefit plan participants and beneficiaries (benefits purchased by employees from the employer / taxpayer).  At the same time, the breaches afford the employer / taxpayer opportunities of unjust enrichment while contrary to laws and public policy interests.

4.      Whether the Tax Court erred in sustaining the whistleblower office's final determination based upon the Commissioner's breach of a statutorily absolute mandate under Title 26 Section 4976 after classification within the operating divisions made the enforcement decision to refer the three claims to the field for examination?

5.      In granting summary judgment to the Commissioner, whether the Tax Court erred in sustaining the Commissioner's position that disqualified benefits reverting to the benefit of an employer under Title 26 U.S.C. Section 4976 did not involve the employer / taxpayer entity but only involved the two VEBA trust entities?

6.  As a basis for granting summary judgment to the Commissioner, whether the Tax Court erred in reliance on case citations that only involve tax matters subject to the discretion of the Commissioner rather than non-discretionary tax matters arising from plan asset (ERISA) diversions to an employer that invoke mandatory enforcement by the Commissioner as a statutorily absolute?

Respectfully submitted,

July 8, 2021

*Patrick S. Kennedy*

Patrick S. Kennedy, Pro Se
Petitioner – Appellant
8340 West 103rd Street
Palos Hills, Illinois 60465
Tel 708-599-7800
Fax 708-827-0440
Email:PatrickKennedy45@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2021, I filed the foregoing Preliminary Statement of Issues to be Raised with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by USPS First Class Mail with return receipt.

I further certify that a true and accurate copy of the foregoing document was mailed to Matthew S. Johnshoy, Attorney, Tax Division, Appellate Section, U.S. Department of Justice, on July 8, 2021 by USPS First Class Mail with return receipt. Service was addressed to P.O. Box 502, Washington, D.C. 20044.

So certified this 8th day of July 2021 by

*/s/ Patrick S. Kennedy*
Patrick S. Kennedy
Pro Se / Petitioner-Appellant
8340 West 103rd Street
Palos Hills  IL 60465
Tel 708-599-7800
Fax 708-827-0440
Email: PatrickKennedy45@gmail.com